**In Re PETITION FOR DISCIPLINARY ACTION AGAINST Don L. BYE, an Attorney at Law of the State of Minnesota.**

No. C7–01–1225.

Supreme Court of Minnesota.

Nov. 28, 2001.

ORDER

PAUL H. ANDERSON, Associate Justice.

The Director of the Office of Lawyers Professional Responsibility has filed a petition for revocation of probation and for further disciplinary action alleging that respondent Don L. Bye has committed professional misconduct warranting public discipline, namely, respondent violated the terms of his private supervised probation by failing to maintain total abstinence from alcohol in violation of Minn. R. Prof. Conduct 8.4(d).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a public reprimand and supervised probation for a period of two years subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall continue to be supervised by Harold Frederick or another licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation.

d. Respondent shall cooperate fully with the supervisor in his efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active

file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

g. Respondent shall, at his own expense, up to four times per month, submit to random urinalysis for drug screening at a facility approved by the Director and shall direct the drug screening facility to provide the results of all urinalysis testing to the Director's Office. If, after six months, all such tests have been valid (non-dilute) and negative, then the frequency of the random tests may be reduced. Respondent shall cooperate with the phone-in program established by the Director for the random tests. Any failure to phone-in in accordance with the random test program shall be considered the same as receipt of a positive test result. Any positive test result will be immediate grounds for revocation of this probation.

h. Respondent shall attend weekly meetings of Alcoholics Anonymous (AA).

Respondent shall, by the tenth of each month, without a specific reminder or request, submit to the Director an attendance verification on a form which provides the date and place of the meeting and name of the person personally verifying the attendance. Upon the Director's request, respondent shall provide the address and phone number of each person verifying his AA attendance. Such attendance verification shall also, upon request, be provided to the respondent's supervisor.

i. Respondent shall continue treatment by a licensed mental health professional acceptable to the Director regarding his depression. Before ceasing treatment, respondent shall complete all therapy programs recommended by the doctor or mental health professional and provide the Director with a written discharge summary from his physician or therapist. Respondent shall instruct his mental health provider to send status reports regarding his depression to the Director's Office semi-annually, or at such more frequent intervals as may be appropriate and requested by the Director.

j. Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, RLPR.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Don L. Bye is publicly reprimanded and placed on public probation for a period of two years from the date of this order subject to the agreed-upon conditions set forth above. Respondent shall pay $900 in costs and disbursements.